FILED
November 04, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____lad
          DEPUTY

# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JENNIFER KAY WALLACE, an individual, Plaintiff, <br><br> V. <br><br> VINTON GRAY CERF, an individual, and GOOGLE LLC, Defendants. | Case No. <br><br> **6:24-cv-00577** |

Complaint for Patent Infringement, Breach of Implied Covenant, Fraudulent Concealment, and Ongoing Conspiracy to Commit Fraud and Plagiarism

## JURY TRIAL DEMANDED

Plaintiff Jennifer Kay Wallace ("Wallace"), appearing pro se, hereby files this Complaint against Defendants Vinton Gray Cerf ("Cerf") and Google LLC ("Google") (collectively, "Defendants"), and alleges as follows:

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 et seq., breach of implied covenant, fraudulent concealment, and ongoing conspiracy to commit fraud and plagiarism.

2. Wallace seeks injunctive relief and monetary damages.

## THE PARTIES

3. Plaintiff Jennifer K. Wallace is an individual residing in Denver, Colorado. Wallace is the founder and majority shareholder of Copernicus2 LLC

("Copernicus2") which owns the patent. Wallace developed the patent and conducted the business of Copernicus2, and personally communicated with the Defendants.

4. Upon information and belief, Defendant Vinton G. Cerf is an individual residing in McLean, Virginia. Cerf is currently employed by Google as its Vice President and Chief Internet Evangelist. Outside of Google, Cerf is a luminary in his own right as one of the "Founding Fathers of the Internet". Traveling widely for keynote speaking engagements, Cerf also holds numerous advisory and board positions and maintains various active leadership roles promoting many technology-related organizations and initiatives throughout the world.

5. Defendant Google is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

6. Plaintiff reserves the right to join additional parties as plaintiffs in this action pursuant to Federal Rule of Civil Procedure 20(a), should further investigation or developments reveal other persons who assert rights to relief arising out of the same transaction, occurrence, or series of transactions or occurrences that form the basis of this complaint, and if any common questions of law or fact would arise. The potential joinder of such parties would be aimed at promoting judicial economy and the efficient resolution of potentially related claims.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 271 et seq.

8. This Court has personal jurisdiction over Defendants because they have committed acts of patent infringement and have regularly conducted and solicited business in the State of Texas.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because Defendants have committed acts of infringement in this district and have regular and established places of business in this district.

## FACTUAL BACKGROUND

10. On November 27, 2001, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,324,586 ("the '586 Patent"), entitled "System for synchronizing multiple computers with a common timing reference." A true and correct copy of the '586 Patent is attached hereto as Exhibit A.

11. Copernicus2 is the owner by assignment of all right, title and interest in and to the '586 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

12. The '586 Patent discloses and claims novel systems and methods for synchronizing multiple computers using timing signals from a global satellite system.

13. In September 2005, Wallace contacted Cerf, who would soon join Google as its Vice President, to bring the '586 Patent to his attention. Wallace believed the technology disclosed in the '586 Patent could help solve technical problems Google was facing with its systems.

14. On or about September 22, 2005, Wallace sent an email to Cerf attaching a copy of the '586 Patent and explaining its potential applications for Google's systems. Cerf responded within hours, stating he would review the patent.

15. Over the next 18 months, Wallace continued to follow up with Cerf regarding Google's potential interest in the '586 Patent.

16. On or about March 17, 2007, Cerf wrote to Wallace confirming that he had consulted with others at Google and that Google had "no specific interest in this capability at this time."

17. Upon information and belief, shortly after Cerf's March 2007 email to Wallace, Google began developing its "Spanner" database system, which incorporates the technology claimed in the '586 Patent.

18. Years later Google publicly stated that it began developing Spanner in 2007 as a core component of its AdWords global advertising platform, and subsequently built most of its other products and services to run on Spanner, including Google

Search, Gmail, YouTube, Google Cloud, and others. According to Google, Spanner runs continuously in every one of its data centers to synchronize the flow of data throughout Google's entire global network.

19. In March 2022, Wallace wrote to Cerf expressing her belief that Google had in fact used the technology disclosed in the '586 Patent as the basis for Spanner and other Google systems. Wallace provided Cerf with detailed research and analysis supporting her conclusion.

20. Despite multiple requests from Wallace in email exchanges and other documented communications with Cerf from 2022-2024, Cerf has persistently failed to deny her allegations or provide any evidence to refute her research and analysis showing Google's use of the '586 Patent technology.

21. Upon information and belief, Cerf and Google have engaged in an ongoing conspiracy to conceal their use of the '586 Patent technology and to fraudulently take credit for its development, depriving Wallace of her rightful compensation and recognition.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 6,324,586

22. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-21.

23. Defendants have directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '586 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States, products and/or services that practice the inventions claimed in the '586 Patent, including but not limited to Google's Spanner database system and related technologies.

24. Defendants have indirectly infringed one or more claims of the '586 Patent in violation of 35 U.S.C. § 271(b) by actively inducing others to directly infringe the '586 Patent.

25. Defendants have indirectly infringed one or more claims of the '586 Patent in violation of 35 U.S.C. § 271(c) by contributing to direct infringement of the '586 Patent by others.

26. Defendants' infringement of the '586 Patent has been willful and deliberate.

27. As a direct and proximate result of Defendants' infringement of the '586 Patent, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

28. Defendants' infringement of the '586 Patent has caused and will continue to cause irreparable harm to Plaintiff, for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

29. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-28.

30. An implied covenant of good faith and fair dealing existed between Plaintiff and Defendants based on their communications and dealings regarding the '586 Patent.

31. Defendants breached the implied covenant by secretly using the technology disclosed in the '586 Patent while representing to Plaintiff that they had no interest in it.

32. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT III

## FRAUDULENT CONCEALMENT

33. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-32.

34. Defendants had a duty to disclose their use of the '586 Patent technology to Plaintiff.

35. Defendants knowingly concealed material facts regarding their use of the '586 Patent technology from Plaintiff.

36. Defendants intended to deceive Plaintiff by concealing these material facts.

37. Plaintiff reasonably relied on Defendants' representations and concealment to her detriment.

38. As a direct and proximate result of Defendants' fraudulent concealment, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT IV

### ONGOING CONSPIRACY TO COMMIT FRAUD AND PLAGIARISM

39. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-38.

40. Defendants knowingly and willfully conspired and agreed among themselves to defraud Plaintiff by concealing their use of the '586 Patent technology and taking credit for its development.

41. Defendants have committed overt acts in furtherance of the conspiracy, including but not limited to making public statements claiming credit for developing the technology disclosed in the '586 Patent.

42. As a direct and proximate result of Defendants' conspiracy, Plaintiff has suffered damages in an amount to be determined at trial.

## RIGHT TO AMEND

Plaintiff reserves the right to amend this complaint to add additional claims, parties, or allegations as further information becomes available through investigation and discovery. This reservation includes, but is not limited to, the potential addition of claims for indirect infringement, willful infringement, or any other related causes of action that may arise from the facts and circumstances surrounding this case. Plaintiff expressly reserves all rights to supplement or amend this complaint as permitted by the Federal Rules of Civil Procedure and the Local Rules of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

A. Adjudging that Defendants have infringed the '586 Patent;

B. Ordering Defendants to account for and pay to Plaintiff all damages caused by their infringement of the '586 Patent;

C. Adjudging that Defendants' infringement has been willful and increasing the damages award accordingly;

D. Adjudging that Defendants have breached the implied covenant of good faith and fair dealing;

E. Adjudging that Defendants have engaged in fraudulent concealment;

F. Adjudging that Defendants have engaged in an ongoing conspiracy to commit fraud and plagiarism;

G. Awarding Plaintiff her costs and reasonable attorneys' fees;

H. Awarding Plaintiff pre-judgment and post-judgment interest; and

I. Granting Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: 11/03/2024

Respectfully submitted,

Jennifer K. Wallace, Pro Se
12457 E Alaska Place
Aurora, CO 80012
303-731-3033
jen@denvergeeks.com