Case 6:24-cv-00577-JKP   Document 3   Filed 11/04/24   Page 1 of 3

FILED
November 04, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

lad
DEPUTY

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JENNIFER K. WALLACE, an individual, Plaintiff, <br> V. <br> VINTON GRAY CERF, an individual, and GOOGLE LLC, Defendants. | Case No. __6:24-cv-00577__ |

# Plaintiff's Motion for Declaratory Judgment Regarding Applicability of The Shell Test

Plaintiff Jennifer K. Wallace ("Wallace") hereby moves this Court for a declaratory judgment that the "Shell Test" established in Studiengesellschaft Kohle, M.B.H. v. Shell Oil Co., 112 F.3d 1561 (Fed. Cir. 1997) ("Shell"), is applicable to Defendant Google LLC ("Google") in this patent infringement case. This motion is filed concurrently with Plaintiff's complaint for patent infringement.

## I. Introduction

The Shell Test, which governs the payment of pre-challenge royalties in patent license disputes, should apply equally to alleged infringers who were prospective licensees before engaging in alleged infringement. This Court should declare that Google, as a former prospective licensee who allegedly proceeded to infringe after declining to license, is subject to the same public policy considerations underlying the Shell Test.

## II. Background

Plaintiff alleges that Google willfully infringed U.S. Patent No. 6,324,586 ("the '586 patent"). Prior to the alleged infringement, Cerf and others at Google spent 18 months actively reviewing the '586 patent for potential license or purchase. Google ultimately declined to license or purchase the patent, but allegedly proceeded to infringe it thereafter.

## III. Legal Standard

Declaratory judgments are governed by the Declaratory Judgment Act, 28 U.S.C. § 2201. A declaratory judgment is appropriate when it will "serve a useful purpose in clarifying and settling the legal relations in issue" and "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007).

## IV. Argument

### A. The Shell Test and Its Underlying Policies

In Shell, the Federal Circuit held that a licensee cannot invoke the protection of the Lear doctrine to avoid paying pre-challenge royalties until it (i) actually ceases payment of royalties, and (ii) provides notice to the licensor that the reason for ceasing payment is because it has deemed the relevant claims to be invalid[1]. This rule balances the *public interest in challenging invalid patents* against the need to prevent licensees from unfairly exploiting the benefits of a license agreement while simultaneously challenging the patent's validity[2].

### B. Applicability of the Shell Test to Prospective Licensees Who Allegedly Infringe

The *policies* underlying the Shell Test apply with equal force to prospective licensees who decline to license and instead allegedly infringe. In both scenarios, the alleged infringer/licensee has had the opportunity to evaluate the patent and make an informed decision about its validity. The public interest in encouraging prompt challenges to invalid patents remains the same.

Moreover, applying the Shell Test to alleged infringers like Google would prevent them from unfairly benefiting from their alleged infringement while avoiding pre-challenge damages. This aligns with the Federal Circuit's reasoning in Diamond Scientific Co. v. Ambico, Inc., where the court emphasized the need to prevent parties from "unfairly benefiting from their prior representations" regarding a patent's validity[3].

---

[1] *Studiengesellschaft Kohle v. Shell Oil Co.*, 112 F.3d 1561 (Fed. Cir. 1997).
[2] *Id. at 1567.*
[3] *Diamond Scientific Co. v. Ambico, Inc.*, 848 F.2d 1220 (Fed. Cir. 1988).

### *C. Google's Position as a Former Prospective Licensee*

Google's extensive 18-month review of the '586 patent places it in a position analogous to a licensee. Google had ample opportunity to challenge the patent's validity during this period or immediately after declining to license. Allowing Google to potentially avoid pre-challenge damages would create an incentive for prospective licensees to decline licenses and infringe instead, contrary to public policy.

## V. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court issue a declaratory judgment that the Shell Test applies to Google in this case. Specifically, the Court should declare that Google shall not be relieved of pre-challenge damages, if any, *in the event that infringement is found*.

Dated: 11/03/2024

Respectfully submitted,

_____

Jennifer K. Wallace, Pro Se
12457 E Alaska Place
Aurora, CO 80012
303-731-3033
jen@denvergeeks.com