**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **JENNIFER KAY WALLACE,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **CASE NO. 6:24-CV-00577-JKP-DTG** |
| | § | |
| **VINTON GRAY CERF and GOOGLE LLC,** | § | |
| | § | |
| *Defendants,* | § | |

**REPORT & RECOMMENDATION TO GRANT
DEFENDANTS' MOTION TO DISMISS (DKT. NO. 28)**

**TO:   THE HONORABLE JASON K. PULLIAM,
UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P.  72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Pending before the Court is the defendants, Vinton Gray Cerf and Google LLC's motion to dismiss (Dkt. No. 28). The motion is fully briefed, and the Court finds that a hearing is unnecessary. After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** that the motion be **GRANTED**.

## I.      BACKGROUND

The plaintiff, Jennifer Kay Wallace, proceeding pro se, originally filed this lawsuit asserting infringement of U.S. Patent No. 6, 324,586 and a variety of other claims against the defendants, Vinton Gray Cerf and Google. Dkt. No. 1. The plaintiff has amended her complaint twice. Dkt. Nos. 11, 21. In the second amended complaint, which is the live complaint, the plaintiff claims that she reached out to defendant Cerf shortly before he joined Google in 2007 to

gauge the company's interest in the '586 Patent. Dkt. No. 21 at 2—3. After some time, the defendant Cerf emailed the plaintiff and confirmed that Google did not have any interest in the patent. *Id.* at Ex. L. The plaintiff asserts that after reviewing the '586 Patent, the defendants developed Google's Spanner database "incorporating the '586 Patent's claims." *Id.* at 3. The plaintiff's second amended complaint drops the patent infringement claim, but asserts Texas Deceptive Trade Practices Act, tortious interference, and fraudulent concealment claims. *Id*. The defendants move to dismiss the second amended complaint under Federal Rule of Civil Procedure 12(b)(3) and 12(b)(6).[1] Dkt. No. 28. The motion is fully briefed, and the Court finds that a hearing is unnecessary. Dkt. Nos. 28, 45, 46.

## II.    ANALYSIS

### A.  The plaintiff's claim for fraudulent concealment should be dismissed.

The defendants moved to dismiss the plaintiff's claims for fraudulent concealment. The plaintiff failed to respond to the defendants on that claim. The Court finds the defendants' arguments persuasive and **RECOMMENDS** that that portion of the defendants' motion be **GRANTED** and the plaintiff's fraudulent concealment claim be dismissed.

### B.  Venue is not proper in the Western District of Texas.

Under Federal Rule of Civil Procedure 12(b)(3), a party may move the court to dismiss a case for improper venue. Fed. R. Civ. P. 12(b)(3). Once challenged, the burden of sustaining venue lies with the plaintiff. *Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 173 F. Supp. 3d 469, 473 (W.D. Tex. 2016). The court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *Id.* Thus, a plaintiff may show that venue is proper

---

[1] The defendants also moved to dismiss under Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5) in their original motion but dropped those arguments in their reply after service was effectuated. Dkt. No. 46 at 1 n.1.

by 'setting forth facts that taken as true would establish venue. *Id.* Venue is proper in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C.A. § 1391.

The plaintiff alleges that venue is proper under 28 U.S.C. § 1391(b)(2), which requires that a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. But there are no alleged facts concerning events, omissions, or property being situated in Texas. Neither of the defendants is a resident of Texas. The plaintiff admits that Cerf is a resident of Virginia and that Google is a resident of Delaware and California. Dkt. No. 21 ¶¶ 2–3, 5. In the second amended complaint, the plaintiff states that venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims occurred in the Western District of Texas. Dkt. No. 21 ¶ 5. However, the plaintiff's entire case arises from email correspondence with the defendant Cerf—a Virginia resident. Resolving all conflicts in favor of the plaintiff and accepting all allegations as true, the plaintiff has failed to set forth facts that would establish venue in this District. Therefore, venue is not proper in the Western District of Texas.

**C. The Court has discretion to transfer or dismiss the case, and finding the case lacks merit, the Court recommends dismissal.**

Under 28 U.S.C. § 1406(a), where venue is improper, the district court shall dismiss or, if it is in the interest of justice, transfer the case to a court of proper venue. A district court has

"broad discretion in deciding whether to order a transfer." *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987). After a review of the plaintiff's claims, the Court finds justice will not be served through transfer of this case, and therefore, the Court recommends dismissal.

In addition to venue being improper, the defendants have raised serious doubts about the viability of the plaintiff's claims. The defendants raise substantial arguments against the plaintiff's DTPA and tortious interference claims. Both claims have a two-year statute of limitations. Tex. Bus. & Com. Code § 17.565 (DTPA claim); *Acad. of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.,* 998 F.3d 190, 201 (5th Cir. 2021) (tortious interference). The entirety of the plaintiff's DTPA and tortious interference claims arise from emails between the plaintiff and the defendant Cerf in 2005-2007, when the plaintiff inquired about licensing of her patent. Dkt. No. 21 at 4–5. The plaintiff admits that Google openly discussed the Spanner program, revealing its "secret sauce" to be the allegedly infringed patent in a 2012 WIRED article. Dkt. No. 11–8 at 25, 34–42. The plaintiff brought this suit in 2024, but there are no alleged facts that suggest these claims were not time-barred well before 2024. Because the defendants have raised substantial doubts about the plaintiff's remaining claims, the Court finds that the interests of justice are not served by a transfer. *See Crase v. Astroworld, Inc.*, 941 F.2d 265, 267 (5th Cir.1991) (finding that the district court did not abuse its discretion in dismissing—rather than transferring—the plaintiff's lawsuit for improper venue since the claims were time-barred).

### III.   RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the Court **GRANT** the defendant's motion to dismiss and the case be **DISMISSED** without prejudice.

### IV.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 28th day of January, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE