**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

**JENNIFER KAY WALLACE,**

    *Plaintiff,*

**v.**                                                                    **Case No. 6:24-CV-00577-JKP**

**VINTON GRAY CERF,  GOOGLE**
**LLC,**

    *Defendants.*

**ORDER ACCEPTING AND ADOPTING**
**REPORT AND RECOMMENDATION**

Before the Court is United States Magistrate Judge Derek T. Gilliland's Report and Recommendation. *ECF No. 50*. In the Report and Recommendation, Judge Gilliland recommends the Court grant Defendants' Motion to Dismiss, (*ECF No. 28*). *See id*. Plaintiff Jennifer Kay Wallace, proceeding *pro se*, did not object to the Report and Recommendation. Upon review, the Court **ACCEPTS AND ADOPTS** the Report and Recommendation. As recommended, the Court **GRANTS** Defendants' Motion to Dismiss, (*ECF No. 28*), **DISMISSES** this case without prejudice, and **DIRECTS** the Clerk of Court to terminate this matter.

**STANDARD OF REVIEW**

Any party who seeks review of all or a portion of a Magistrate Judge's Report and Recommendation must serve and file specific written objections within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). If a party does not timely object to all or a portion of a Magistrate Judge's Report and Recommendation, the District Court will review the unobjected-to proposed findings and recommendations to determine whether they

are clearly erroneous or contrary to law. *Johnson v. Sw. Research Inst.*, 210 F. Supp.3d 863, 864 (W.D. Tex. 2016) (citing *U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.) (per curiam), *cert. denied*, 492 U.S. 918 (1989).[1]

## DISCUSSION

Consistent with 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the Court reviewed the subject Report and Recommendation for clear error on the face of the record. The Court finds no such error.

As detailed in Judge Gilliland's Report and Recommendation, regarding venue:

The plaintiff alleges that venue is proper under 28 U.S.C. § 1391(b)(2), which requires that a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. But there are no alleged facts concerning events, omissions, or property being situated in Texas. Neither of the defendants is a resident of Texas. The plaintiff admits that Cerf is a resident of Virginia and that Google is a resident of Delaware and California. Dkt. No. 21 ¶¶ 2−3, 5. In the second amended complaint, the plaintiff states that venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims occurred in the Western District of Texas. Dkt. No. 21 ¶ 5. However, the plaintiff's entire case arises from email correspondence with the defendant Cerf—a Virginia resident. Resolving all conflicts in favor of the plaintiff and accepting all allegations as true, the plaintiff has failed to set forth facts that would establish venue in this District. Therefore, venue is not proper in the Western District of Texas.

*ECF No. 50 at 3*. Regarding dismissal:

Under 28 U.S.C. § 1406(a), where venue is improper, the district court shall dismiss or, if it is in the interest of justice, transfer the case to a court of proper venue. A district court has "broad discretion in deciding whether to order a transfer." *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987). After a review of the plaintiff's claims, the Court finds justice will not be served through transfer of this case, and therefore, the Court recommends dismissal.

---

[1] While Federal Rule 72(b) does not facially require any review in the absence of a specific objection, the advisory committee notes following its adoption in 1983 state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Further, failure to object shall also bar appellate review of those portions of the Magistrate Judge's Report and Recommendation that were ultimately accepted by the district court, unless the party demonstrates plain error. *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Wilson*, 864 F.2d at 1221.

In addition to venue being improper, the defendants have raised serious doubts about the viability of the plaintiff's claims. The defendants raise substantial arguments against the plaintiff's DTPA and tortious interference claims. Both claims have a two-year statute of limitations. Tex. Bus. & Com. Code § 17.565 (DTPA claim); *Acad. of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*, 998 F.3d 190, 201 (5th Cir. 2021) (tortious interference). The entirety of the plaintiff's DTPA and tortious interference claims arise from emails between the plaintiff and the defendant Cerf in 2005-2007, when the plaintiff inquired about licensing of her patent. Dkt. No. 21 at 4−5. The plaintiff admits that Google openly discussed the Spanner program, revealing its "secret sauce" to be the allegedly infringed patent in a 2012 WIRED article. Dkt. No. 11−8 at 25, 34−42. The plaintiff brought this suit in 2024, but there are no alleged facts that suggest these claims were not time-barred well before 2024. Because the defendants have raised substantial doubts about the plaintiff's remaining claims, the Court finds that the interests of justice are not served by a transfer. *See Crase v. Astroworld, Inc.*, 941 F.2d 265, 267 (5th Cir.1991) (finding that the district court did not abuse its discretion in dismissing—rather than transferring—the plaintiff's lawsuit for improper venue since the claims were time-barred).

*Id. at 3–4*.

## CONCLUSION

Accordingly, the Court **ACCEPTS AND ADOPTS** the Report and Recommendation. As recommended, the Court **GRANTS** Defendants' Motion to Dismiss, (*ECF No. 28*), **DISMISSES** this case without prejudice, and **DIRECTS** the Clerk of Court to terminate this matter.

It is so **ORDERED**.
SIGNED this 18th day of February, 2026.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE